**TRAVIS COUNTY District Clerk**
**DMS Case Document List**

Cause Number: D-1-GN-19-001954

| File Date | Category | Description | Additional Info |
|---|---|---|---|
| 4/9/2019 | TDC - Civil - Pleading | ORIGINAL PETITION/APPLICATION | ORIGINAL PETITION |
| 4/16/2019 | TDC - Civil - Issuance | ISS:CITATION | FORM NUMBER P01-76792 ISSUED BY ARZOLA JESSICA (4701) ISS:CITATION E-WRIT ISSUANCE SENT TO PRIVATE PROCESSOR/ATTORNEY ERICA@ICENOGLEFIRM.COM & ANTHONY@ICENOGLEFIRM.COM |
| 4/23/2019 | TDC - Civil - Issuance | EXECUTED SERVICE | CITATION - NORTH AMERICAN RISK SERVICES |
| 5/7/2019 | TDC - Civil - Answer | ANSWER & ADDITIONAL PLEADING | DEFENDANT NORTH AMERICAN RISK SERVICES, INC.'S ORIGINAL ANSWER AND COUNTERCLAIM |

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on **5/13/19**

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

*Stephanie Moreno*

EXHIBIT
*A*

4/9/2019 2:31 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-001954
Jessica A. Limon

CAUSE NO. ___D-1-GN-19-001954___

| | | |
|---|---|---|
| SERVICE LLOYDS INSURANCE COMPANY | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| VS. | § § | **419TH**___ JUDICIAL DISTRICT |
| NORTH AMERICAN RISK SERVICES, INC. | § § § | |
| Defendant. | § § | TRAVIS COUNTY, TEXAS |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **Service Lloyds Insurance Company ("Service Lloyds")**, plaintiff in the above-styled and numbered cause, and file this Original Petition against **North American Risk Services, Inc. ("NARS")**, defendant.

### 1. Selection of Discovery Level

The plaintiff pleads that discovery should be conducted in accordance with a discovery control plan under Civil Procedure Rule 190.3.

### 2. Statement of Relief Sought

Plaintiff seeks monetary relief over $1,000,000.00. The damages sought are within the jurisdictional limits of this court.

### 3. Parties and Service of Citation

Plaintiff is a Texas licensed insurance company with its home office in Travis County.

Defendant is a foreign for-profit corporation authorized to do business in Texas which can be served with process through its registered agent, Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218.

## 4. Facts

Plaintiff is a Texas licensed Lloyds insurer. Its primary business is workers compensation. Defendant is a servicing company with provides claims adjusting and administrative services for property and casualty lines of business including workers compensation ("Services").

On August 1, 2015, plaintiff contracted with defendant for defendant to provide Services with regards to a specific workers compensation program. This program was known as the Tee & Gee Program (the "Program"). The Program was comprised of professional employer organizations ("PEO") that were solicited to the Program by Tee & Gee Underwriting Managers LP ("Tee & Gee"). Among the services, defendant was to provide was 1) medical bill review, 2) deductible collection from insureds and 3) EDI filing.

Without plaintiff's permission or knowledge, defendant allowed Core Care, an affiliate of Tee & Gee to provide the medical bill review, allowed Tee & Gee to do the deductible collection and allowed an entity known as Prime to provide the EDI filing.

Medical bill review

Defendant contracted with plaintiff to provide the medical bill review for $7.00 per bill. Defendant allowed Core Care to bill "20% of bill review savings". This amounted to an overbilling of $743,203.51. Defendant paid Core Care this amount from a Service Lloyds fiduciary account without the knowledge of Service Lloyds. In addition, defendant allowed Core Care to overcharge Service Lloyds for case management services in the amount of $121,233.10 and paid this amount to Core Care from a Service Lloyds fiduciary account without the knowledge of Service Lloyds.

### Deductible billing

Defendant also contracted with plaintiff to bill and collect deductibles under the workers compensation policies. Defendant however allowed Tee & Gee to do the deductible collection. As a consequence, Tee & Gee has not timely paid deductibles that they have collected, has not timely collected deductibles and has applied the deductibles incorrectly.

### EDI filing

Defendant was also as part of their duties under the contract with plaintiff to provide accurate and timely EDI (Electronic Data Interchange) filings. Defendant relied upon a third party, Prime to perform the filings. In many cases, Prime has failed to make the filings or to make them timely.

### 5. Negligence

Defendant owed the plaintiff a duty of reasonable care in performing its duties as a service company providing claims adjusting and administrative services. Defendant through its negligence breached that duty. Defendant's breach proximately caused injury to plaintiff. As a result plaintiff suffered damage.

### 6. Breach of Contract

Defendant contracted with plaintiff to provide claims adjusting and administrative services. Defendant's actions as detailed above are a breach of that contract. As a result of defendant's breach, plaintiff has suffered damage.

### 7. Conditions Precedent

Plaintiff has performed all conditions precedent to bringing this action.

### 8. Damages

Plaintiff seeks its damages that resulted from defendant's conduct. Plaintiff seeks monetary relief over $1,000,000.

9. Attorney Fees

Plaintiff is entitled to its reasonable and necessary attorney's fees. Plaintiff has made proper demand.

WHEREFORE, the plaintiff requests that the defendant be cited to appear and answer, and that on final trial the plaintiff have judgment against the defendant for:

1. Actual damage within the jurisdictional limits of this Court.

2. Pre-judgment interest.

3. Costs of court.

4. Reasonable and necessary attorney fees.

5. Interest on the judgment from its date until paid.

6. Such other and further relief to which the plaintiff may be justly entitled.

Respectfully submitted,

ICENOGLE & BOGGINS, P.L.L.C.
6805 N. Capital of Texas Hwy., Ste. 220
Austin, Texas 78731
Telephone: (512) 342-9519
Facsimile: (512) 342-9555
Email: Anthony@icenoglefirm.com

By /s/Anthony Icenogle
Anthony Icenogle
State Bar No. 10382948

ATTORNEYS FOR PLAINTIFF,
SERVICE LLOYDS INSURANCE COMPANY

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 5/13/19

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

ANTHONY ICENOGLE

OF COUNSEL:
JOSEPH C. BOGGINS
1929-2016

ERICA S. RODRIGUEZ
HEATHER MCCLURE
PARALEGALS

ICENOGLE & BOGGINS, PLLC
ATTORNEYS AT LAW
6805 CAPITAL OF TEXAS HIGHWAY NORTH, SUITE 220
AUSTIN, TEXAS 78731
(512) 342-9519
TELECOPIER (512) 342-9555
E-MAIL: Anthony@icenoglefirm.com

April 9, 2019

Robert Ruryk
President/CEO
North American Risk Services, Inc.
240 E. Central Parkway, Suite 4010
Altamonte Springs, FL 32701

Re:    My client:    Service Lloyds Insurance Company

Dear Mr. Ruryk:

Pursuant to paragraph 10.1 b. of the Claims Services Agreement (the "Agreement") between North American Risk Services, Inc. ("NARS") and Service Lloyds Insurance Company ("Service"), Service terminates the Agreement.  Under paragraph 10.1 b. termination will be effective April 19, 2019.

Termination of the Agreement pursuant to this provision does not waive the right of Service to terminate the Agreement earlier if appropriate under paragraph 10.1 c. of the Agreement.

Service expects and will move to enforce, if necessary, compliance by NARS with paragraphs 10.2 and 10.3 of the Agreement.  You should expect to receive contact from Steve Collier of Service in the near future to arrange for the smooth transition of the claims handling to a new company.

Please do not hesitate to contact Mr. Collier if you have any questions.

Very truly yours,

Anthony Icenogle
For the firm

General Counsel
North American Risk Services, Inc.
240 E. Central Parkway, Suite 4010
Altamonte Springs, FL 32701

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office, Witness my hand and seal of office on___5/13/19___

VELVA L. PRICE
DISTRICT CLERK
By Deputy: Moreno

C I T A T I O N

T H E   S T A T E   O F   T E X A S

## CAUSE NO. D-1-GN-19-001954

SERVICE LLOYDS INSURANCE COMPANY

, Plaintiff

    vs.

NORTH AMERICAN RISK SERVICES, INC.

, Defendant

TO:   NORTH AMERICAN RISK SERVICES, INC.
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      211 E. 7TH STREET SUITE 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF  in the above styled and numbered cause, which was filed on APRIL 9, 2019 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 16, 2019.

REQUESTED BY:
ANTHONY LEE ICENOGLE
6805 N CAPITAL OF TEXAS HWY STE 220
AUSTIN, TX 78731-1749
BUSINESS PHONE:(512)342-9519  FAX:(512)342-9555

Velva L. Price
**Travis County District Clerk**
**Travis County Courthouse**
**1000 Guadalupe, P.O. Box 679003 (78767)**
**Austin, TX  78701**

PREPARED BY: JESSICA A.-LIMON

-- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

D-1-GN-19-001954

☐ Original    ☐ Service Copy

SERVICE FEE NOT PAID

P01 - 000076792

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office on 5/13/2019

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

4/23/2019 9:19 AM
**Velva L. Price**
**District Clerk**
**Travis County**
**D-1-GN-19-001954**
**Jonathan Sanders**

C I T A T I O N

T H E   S T A T E   O F   T E X A S

CAUSE NO. D-1-GN-19-001954

SERVICE LLOYDS INSURANCE COMPANY

, Plaintiff

vs.

NORTH AMERICAN RISK SERVICES, INC.

, Defendant

TO:   NORTH AMERICAN RISK SERVICES, INC.
      BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
      211 E. 7TH STREET SUITE 620
      AUSTIN, TEXAS 78701-3218

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.   You may employ an attorney.   If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the ORIGINAL PETITION of the PLAINTIFF in the above styled and numbered cause, which was filed on APRIL 9, 2019 in the 419TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, April 16, 2019.

REQUESTED BY:
ANTHONY LEE ICENOGLE
8805 N CAPITAL OF TEXAS HWY STE 220
AUSTIN, TX 78731-1749
BUSINESS PHONE:(512)342-9519  FAX:(512)342-9555

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: JESSICA A.-LIMON

-- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at _____ within the County of _____ on the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named _____, each in person, a true copy of this citation together with the ORIGINAL PETITION accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: _____

Printed Name of _____ County, Texas

D-1-GN-19-001954                               SERVICE FEE NOT PAID    PO - 000076792

☐ Original        ☐ Service Copy

IN THE 419th JUDICIAL DISTRICT COURT
COUNTY OF TRAVIS, STATE OF TEXAS

CAUSE NO. D-1-GN-19-001954

SERVICE LLOYDS INSURANCE COMPANY
VS.
NORTH AMERICAN RISK SERVICES, INC.

RETURN

Came to my hand:  4/18/2019, at 9:45 o'clock A.M.

- Citation
- Plaintiff's Original Petition

Executed by me on:  4/18/2019, at 12:25 o'clock P.M.

Executed at 211 E. 7th Street, Suite 620, Austin, TX 78701,, within the County of Travis, by delivering to NORTH AMERICAN RISK SERVICES, INC., by delivering to its registered agent, CORPORATION SERVICE COMPANY, by delivering to its employee/managing agent, VANESSA HERNANDEZ in person, a true copy of the above-specified civil process, having first endorsed thereon the date of delivery.

I am over the age of 18; and I am not a party to or interested in the outcome of the above styled and numbered suit; and I declare under penalty of perjury that the above statements and facts are true and correct.

By: KELLY MURSKI
PSC#5912; Exp. Date: 10/31/2020
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Dr., #290, Austin, TX 78731

STATE OF TEXAS }

VERIFICATION

Before me, a notary public, on this day personally appeared the above named authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his personal knowledge and experience and are true and correct. Given under my hand and seal of office on this the 18th day of April 2019.

DANA L. MCMICHAEL
Notary Public, State of Texas
Comm. Expires 04-23-2020
Notary ID 4733570

Notary Public



5/7/2019 3:47 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-19-001954
Nancy Rodriguez

CAUSE NO. D-1-GN-19-001954

| | | |
|---|---|---|
| SERVICE LLOYDS INSURANCE COMPANY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | 419TH JUDICIAL DISTRICT |
| | § | |
| NORTH AMERICAN RISK SERVICES, INC. | § | |
| | § | |
| | § | |
| Defendant. | § | TRAVIS COUNTY, TEXAS |

## DEFENDANT NORTH AMERICAN RISK SERVICES, INC.'S ORIGINAL ANSWER AND COUNTERCLAIM

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant NORTH AMERICAN RISK SERVICES, INC. ("Defendant" or "NARS") files this Original Answer and Counterclaim to Plaintiff's Original Petition, and would respectfully show the Court as follows:

## I.
## GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every allegation in Plaintiff's Original Petition and any amendments and/or supplements subject thereto. Defendant respectfully requests Plaintiff be required to prove the charges and allegations against Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

1.      Plaintiff's Original Petition fails to state a cause of action, or state a claim for which relief can be granted.

2.      Additionally and/or in the alternative, Defendant would show that Plaintiff's damages, if any, were not caused by Defendant, but were caused by the acts, omissions, conduct,

1



or statements of other defendants, third parties, instrumentalities, and/or other factors over whom/which Defendant had no right of control and for whom/which Defendant is and was not responsible. To the extent that Plaintiff suffered any damages as a result of such parties or instrumentalities, such conduct was the intervening and superseding cause of any such damages, which conduct breaks the causal chain between Defendant and the event sued upon.

3.    In the unlikely event Defendant is found liable, which liability Defendant specifically denies, then any alleged fault or liability of Defendant should be compared to the negligence of other parties, including but not limited to Plaintiff, and any recovery against Defendant should be reduced or barred pursuant to §33.001, et seq. of the Texas Civil Practice & Remedies Code.

4.    Defendant would show that it did not breach any part of its contract with Plaintiff or negligently perform any of its duties thereunder.

5.    Defendant would show Plaintiff's claims are barred, either in whole or in part, by waiver, estoppel, unjust enrichment, failure to join indispensable parties, and/or the applicable statutes of limitations, either as to the currently existing causes of action as stated, or as may be included through further amendment in the future.

6.    Defendant would show Plaintiff's claims are barred by a failure to comply with all required conditions precedent to filing suit.

7.    Defendant would show that all services Defendant provided complied with all required specifications, industry standards, and any other requirement imposed by law, or operation of law.

8.    Defendant would show Plaintiff's damages are barred, either in whole or in part, by a failure of the Plaintiff to properly mitigate its damages.

2



9.      Defendant would show Plaintiff's damages were not reasonably foreseeable or naturally flowing as a consequence of any breach by Defendant, and are thus not recoverable either in whole or in part.

10.     Defendant would show Plaintiff accepted, acquiesced to, agreed to, or ratified any services, products, goods, or materials at issue in the lawsuit.

11.     Defendant would show Plaintiff accepted, acquiesced to, agreed to, or ratified any retention of services from CoreCare, Tee & Gee, and Prime of which it now complains in the lawsuit.

12.     Defendant would show Plaintiff's ability to seek, and the amount of recovery available to Plaintiff, may be reduced or impacted by the application of any contractual releases, duties of indemnification, and duties to defend which may exist between and among the parties and in favor of Defendant.

13.     Defendant would show it may be entitled to court costs and reasonable and necessary attorney's fees against Plaintiff or other parties to this lawsuit, based on the application of Texas Civil Practice & Remedies Code 38.001, *et al.*, and reserves the right to seek attorney's fees.

14.     Defendant would show that the actions taken by other third parties in relation to the Tee & Gee Programs are superseding and intervening events which obviate any potential liability of Defendant.

15.     To the extent Plaintiff seeks damages for any performance for which Defendant did not render any services, such items of damages are not recoverable against Defendant.

16.     To the extent Plaintiff would seek damages for services covered by a contract, which are contradicted by such contract or improperly attempt to vary the terms of such contract,

3



Plaintiff's claims are barred by the statute of frauds, parol evidence rule, or doctrine of merger.

17.    To the extent Plaintiff seeks damages that are the subject of a contract with Defendant which sets forth the rights, obligations, and duties of the parties, any tort claims asserted against Defendant by Plaintiff should be barred either in whole or in part through supersession of any tort rights, obligations, or duties by the assignment of such rights, obligations, and duties under the contract, or the application of the economic-loss rule.

18.    To the extent Plaintiff seeks damages based on either a unilateral or mutual mistake of any of the parties regarding the scope, design, or performance of services, or provision of goods, products, or finished premises, such unilateral or mutual mistake obviates any responsibilities or liabilities of Defendant which may not have existed, but for the mistake.

19.    To the extent Plaintiff and Defendant are parties to a contract which provides for and defines the types of damages recoverable under a breach thereto, Plaintiff is barred from seeking any other types of damages, including any consequential, punitive, exemplary, special or any other type of damages not specifically contemplated as recoverable by the parties.

20.    Defendant expressly pleads and invokes the limitations on the recovery of pre-judgment interest set forth in Section 304 of the Texas Finance Code.

21.    Defendant affirmatively pleads that, in the event Plaintiff recovers any amount against it in these proceedings, the Court offset the amount by any amount Plaintiff has already received or is scheduled to receive from any and all other applicable parties and/or sources.

22.    Defendant affirmatively pleads offset and/or credit for any amounts due to Defendant by Plaintiff under the contract, specifically, but not limited to, any amounts due to Defendant for services relating to recovering deductibles under the contract.

23.    Defendant reserves the right to amend its answer to assert additional factual



matters and defenses in conformity with the Texas Rules of Civil Procedure and/or any order of the Court.

## III.
## COUNTERCLAIM

Defendant/Counter-Plaintiff NARS files this Original Counterclaim, complaining of Plaintiff/Counter-Defendant Service Lloyds Insurance Company ("SLIC"), as follows:

### Facts

1.      On August 1, 2015, SLIC entered into a "Claims Servicing Agreement" with NARS for the provision of claims adjusting and administrative services ("the CSA").

2.      Among other fees, the CSA provided that NARS would receive 20% of any net recovery of deductibles by SLIC.   However, to date, NARS has not received any compensation for recovered deductibles under the CSA.

3.      Based on information and belief, SLIC owes NARS over $1 million for its contractually-agreed fees for recovered deductibles.   Therefore, NARS counterclaims for all unpaid fees due on recovered deductibles pursuant to the CSA.   Simultaneous with the filing of this counterclaim, NARS has made written demand on SLIC for payment of same.

4.      Further, on April 9, 2019, SLIC terminated the CSA, effective April 19, 2019. See Termination Letter, attached hereto as Ex. 1.   However, because there was no material default under the CSA, this 10-day notice was improper.   Rather, NARS was entitled to no less than 90 days' notice of termination, pursuant to Section 10.1(a) of the CSA.   Therefore, NARS counterclaims for lost fees, compensation and profits during the 80 days that the CSA was unlawfully or improperly terminated.



### Cause of Action – Breach of Contract

5.    All paragraphs alleged in this pleading are incorporated herein by reference.

6.    NARS and SLIC entered into the CSA, and it is a valid and enforceable agreement.

7.    NARS performed its contractual obligations under the CSA.

8.    SLIC breached the CSA by failing to give NARS at least 90 days' notice of termination as is required under the CSA.

9.    SLIC breached the CSA by failing and refusing to pay deductible recovery fees to NARS under the CSA.

### Cause of Action – Unjust Enrichment

10.    All paragraphs alleged in this pleading are incorporated herein by reference.

11.    SLIC received the benefit of recovered deductibles without payment to NARS of the 20% of net recovery, as required by the CSA.

12.    It would be unjust for SLIC to retain the benefit of the recovered deductibles at no cost, and should be required to pay NARS for the agreed contractual compensation for same.

13.    Accordingly, in the alternative to its breach of contract claim, NARS is entitled to the contractually agreed 20% of net recovery of deductibles through the legal and equitable theory of unjust enrichment.

### Attorney's Fees and Other Costs

14.    All paragraphs alleged in this pleading are incorporated herein by reference.

15.    Pursuant to Texas Civil Practice & Remedies Code Chapter 38 and Section 12.10 of the CSA, NARS is entitled to recover its reasonable and necessary attorneys' fees incurred in prosecuting this counterclaim against SLIC.

6



### Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that the Court order the following:

- Plaintiff take nothing by its claims and causes of action against Defendant;

- Defendant/Counter-Plaintiff be awarded its actual damages incurred as a result of Plaintiff's breach of contract and/or unjust enrichment;

- Defendant/Counter-Plaintiff be awarded its attorney's fees, expenses, costs, and pre- and post-judgment interest as allowed by law and by contract between the parties; and

- Such other and further relief to which Defendant/Counter-Plaintiff may show itself justly entitled.

Defendant NORTH AMERICAN RISK SERVICES, INC. prays that this matter be dismissed with prejudice, that Plaintiff take nothing by reason of the allegations made against Defendant, and that Defendant recover court costs and reasonable and necessary attorney's fees from Plaintiff, based on the application of Texas Civil Practice & Remedies Code 38.001, *et al.*, and any other applicable law whether arising under statute, contract, or common law providing an entitlement to costs and attorney's fees, together with such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Respectfully submitted,

**WINGET, SPADAFORA &
SCHWARTZBERG, LLP**

By:____/s/ Martin S. Schexnayder_____
      Martin S. Schexnayder
      State Bar No. 17745610

I, VELVA L. PRICE, District Clerk,
Travis County, Texas, do hereby certify that this is
a true and correct copy as same appears of
record in my office. Witness my hand and seal of
office on___5/13/19___
VELVA L. PRICE
DISTRICT CLERK
By Deputy:

7



Two Riverway, Suite 725
Houston, Texas 77056
Telephone: 713-343-9200
Facsimile: 713-343-9201
Schexnayder.M@wssllp.com

**COUNSEL FOR DEFENDANT
NORTH AMERICAN RISK SERVICES, INC.**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Texas Rules of Civil Procedure, on this the 7th day of May, 2019.

Anthony Icenogle
ICENOGLE & BOGGINS, P.L.L.C.
6805 N. Capital of Texas Hwy., Ste. 220
Austin, Texas 78731
Anthony@icenoglefirm.com

**COUNSEL FOR PLAINTIFF
SERVICE LLOYDS INSURANCE
COMPANY**

/s/ Martin S. Schexnayder
Martin S. Schexnayder

