IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SERVICE LLOYDS INSURANCE COMPANY** | § § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 1:19-CV-518 |
| **NORTH AMERICAN RISK SERVICES, INC.** | § § § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § § | |
| **TEE & GEE GROUP, LLC; CORECARE MANAGEMENT; AND PRIME HEALTH SERVICES, INC.,** | § § § § | |
| Third-Party Defendants. | § § | |

## THIRD-PARTY COMPLAINT

Pursuant to Federal Rule of Civil Procedure 14(a)(1), Defendant/Third-Party Plaintiff North American Risk Services, Inc. files this Third-Party Complaint against Third-Party Defendants Tee & Gee Group, LLC, CoreCare Management, and Prime Health Services, Inc., and in support would show the following:

### PARTIES

1. Plaintiff Service Lloyds Insurance Company ("SLIC") is a Texas licensed insurance company with its home office in Travis County, Texas.

2. Defendant/Third-Party Plaintiff North American Risk Services, Inc. ("NARS") is a Delaware corporation with its principal place of business in Florida.

3. Third-Party Defendant Tee & Gee Group, LLC ("Tee & Gee"), upon information and belief, is a Texas limited liability company with its principal office located at 8131 LBJ

1

Freeway, Suite 750, Dallas, Texas 75251.

4.  Third-Party Defendant CoreCare Management ("CoreCare"), upon information and belief, is a Louisiana limited liability company authorized to do business in Texas which can be served with process through its registered agent, THE WHEELER LAW FIRM, LLC, at 1615 Poydras Street, Suite 900, New Orleans, Louisiana 70112.

5.  Third-Party Defendant Prime Health Services, Inc. ("Prime"), upon information and belief, is a Tennessee corporation with its principal office located at 331 Mallory Station Rd. Franklin, Tennessee 37067.

## JURISDICTION AND VENUE

6.  The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because NARS is diverse in citizenship from Plaintiff and the amount in controversy is in excess of $75,000.

7.  This Court has supplemental jurisdiction over NARS' third-party claims pursuant to 28 U.S.C. § 1367(a) because the claims are based on the same nucleus of operative facts as Plaintiff's claims.

8.  Venue is proper in this District because Plaintiff originally sued in Travis County state district court and Plaintiff's principal place of business is in the Western District of Texas. See 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

9.  On August 1, 2015, SLIC entered into a "Claims Servicing Agreement" with NARS for the provision of claims adjusting and administrative services ("the CSA").

10. At SLIC's specific instruction, Tee & Gee collected deductibles under the CSA because SLIC believed Tee & Gee had the necessary information and expertise to handle that

function. According to Plaintiff's petition, however, Tee & Gee has not timely paid deductibles that they have collected, has not timely collected deductibles and has applied the deductibles incorrectly.

11. Upon information and belief, Tee & Gee engaged CoreCare to provide the medical bill review under the CSA. However, according to Plaintiff's petition in this case, CoreCare billed for its services at an excessive rate, which amounted to an overbilling of $743,203.51. Plaintiff also alleges that CoreCare overcharged for case management services in the amount of $121,233.10.

12. Upon information and belief, and without NARS' knowledge or consent, CoreCare engaged Prime to provide accurate and timely EDI (Electronic Data Interchange) filings. However, according to Plaintiff's petition, in many cases, Prime has failed to make the filings or to make them timely, causing penalties and fines to be assessed against SLIC.

13. On April 9, 2019, Plaintiff filed this suit in state district court in Travis County, Texas against NARS to recover damages arising out of services performed by Third-Party Defendants relating to the medical bill review, deductible collections, and EDI filings. On May 7, 2019, NARS filed its answer and counter-claim in the Travis County case. On May 14, 2019, NARS timely removed this matter to this Court based on federal diversity jurisdiction. Pursuant to Fed. R. Civ. P. 14(a)(1), this Third-Party Complaint is filed within fourteen days of that removal, and therefore no leave of court is necessary for same.

## CAUSES OF ACTION

### COUNT I:   CONTRIBUTION

14. All paragraphs alleged in this pleading are incorporated herein by reference.

15. NARS' alleged liability to Plaintiff is solely derivative of Third-Party Defendants' actions in failing to adequately perform the services that they contracted with NARS to perform.

16. The damages Plaintiff alleges in its complaint, if any, are a direct and/or proximate result of Third-Party Defendants' acts or omissions.

17. Pursuant to TEX. CIV. PRAC. & REM. CODE 33.015, *et seq.*, NARS asserts a claim for contribution against each Third-Party Defendant, and requests that the percentage of relative fault and culpability of each Third-Party Defendant be submitted to the factfinder in this matter upon the conclusion of proof and evidence at a trial of the merits.

### COUNT II:   BREACH OF CONTRACT

18. All paragraphs alleged in this pleading are incorporated herein by reference.

19. NARS and Third-Party Defendants entered into a valid and binding contract for services.

20. If Plaintiff's allegations are true, specifically those relating to the medical bill review, deductible collections, and EDI filings, Third-Party Defendants breached the terms of their respective contracts with NARS by failing to perform the services that they contracted to perform.

21. As a result of Third-Party Defendants' breaches of contract, NARS suffered damages, including: (a) damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff against NARS, as well as NARS' own attorneys' fees and costs; and (b) the amount owed by Third-Party Defendants to NARS under their respective contracts, plus interest, penalties, attorneys' fees, and costs.

## COUNT III:  NEGLIGENCE

22. All paragraphs alleged in this pleading are incorporated herein by reference.

23. Third-Party Defendants owed NARS the duty of reasonable care in performing their respective duties as similarly situated companies providing adjusting and administrative services.

24. Third-Party Defendants through their negligence breached such duty, as more specifically identified in paragraphs 10-12 above.

25. As a result of Third-Party Defendants' breaches of contract, NARS suffered damages, including: (a) damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff against NARS, as well as NARS' own attorneys' fees and costs; and (b) the amount owed by Third-Party Defendants to NARS under their respective contracts, plus interest, penalties, attorneys' fees, and costs.

WHEREFORE, Defendant/Third-Party Plaintiff North American Risk Services, Inc. requests that Third-Party Defendants be cited to appear and answer herein, and that in the unlikely event that Defendant/Third-Party Plaintiff is found liable for any damages sought by Plaintiff, that it have recovery against Third-Party Defendants as provided by law and for such other and further relief, to which it may show itself justly entitled.

Respectfully submitted,

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**


By: ____/s/ Martin S. Schexnayder_____
　　　Martin S. Schexnayder
　　　State Bar No. 17745610
　　　Federal Bar 15146

                                          Two Riverway, Suite 725
                                          Houston, Texas  77056
                                          Telephone:  713-343-9200
                                          Facsimile:  713-343-9201
                                          Schexnayder.M@wssllp.com

                                        **COUNSEL FOR DEFENDANT**
                                        **NORTH AMERICAN RISK SERVICES, INC.**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein in accordance with the Federal Rules of Civil Procedure, on this the 17th day of May, 2019, and that service of the foregoing instrument has been accomplished either through electronic mail or via automatic circulation through the CM/ECF Portal.

Anthony Icenogle
ICENOGLE & BOGGINS, P.L.L.C.
6805 N. Capital of Texas Hwy., Ste. 220
Austin, Texas 78731
Anthony@icenoglefirm.com

**COUNSEL FOR PLAINTIFF**
**SERVICE LLOYDS INSURANCE**
**COMPANY**

                                        /s/ Martin S. Schexnayder
                                        Martin S. Schexnayder