**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **SERVICE LLOYDS INSURANCE COMPANY** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § §§ | |
| **NORTH AMERICAN RISK SERVICES, INC.** | § § § | **CIVIL ACTION NO.:  1:19-CV-518 (JURY)** |
| **Defendant/Third-Party Plaintiff,** | § § | |
| **V.** | §§ § | |
| **TEE & GEE GROUP, LLC; CORECARE MANAGEMENT; AND PRIME HEALTH SERVICES, INC.** | § § § § | |
| **Third-Party Defendants.** | § | |

---

**ORIGINAL ANSWER BY THIRD PARTY DEFENDANT, CORECARE
MANAGEMENT TO DEFENDANT/THIRD-PARTY PLAINTIFF'S
NORTH AMERICAN RISK SERVICES, INC. THIRD-PARTY COMPLAINT**

---

COME NOW, **CORECARE MANAGEMENT** ("**CORECARE**"), and files this *Original Answer to the Third-Party Complaint* filed by Defendant/Third-Party Plaintiff, **NORTH AMERICAN RISK SERVICES INC.,** and would respectfully show the Court as follows.

For the Court's convenient reference, the text of the Original Complaint is shown in italics font, single-spaced, and **CORECARE's** responsive text immediately follows, in regular font, double-spaced.  **CORECARE** reserves the right, and acknowledges its obligation, to amend this Answer upon learning sufficient information, or as otherwise may be required, within the time required by the FEDERAL RULES OF CIVIL PROCEDURE (the "Rules"), the Local Rules of the United States District Court for the Western District of Texas (the "Local Rules"), the rules of practice and

procedure before this Judge (the "Judge's Rules"), any scheduling or other pretrial orders issued by

this Judge ("Scheduling Orders") and, where applicable, pursuant to any stipulations between

counsel for the parties ("Stipulations").   Collectively, the Rules, Local Rules, Judge's Rules,

Scheduling Orders and Stipulations are referred to as the "Procedural Rules."

### PARTIES

*1.      Plaintiff SERVICE LLOYDS INSURANCE COMPANY ("SLIC") is a Texas licensed insurance company with its home office in Travis County, Texas.*

Response:  **CORECARE** lacks sufficient knowledge to admit or deny the allegations within

in paragraph 1 of the Third-Party Complaint.

*2.      Defendant/Third-Party Plaintiff NORTH AMERICAN RISK SERVICES, INC. ("NARS") is a Delaware corporation with its principal place of business in Florida.*

Response:  **CORECARE** lacks sufficient knowledge to admit or deny the allegations within

in paragraph 2 of the Third-Party Complaint.

*3.      Third-Party Defendant TEE & GEE GROUP, LLC ("TEE & GEE") upon information and belief, is a Texas limited liability company with its principal office located at 8131 LBJ Freeway, Suite 750, Dallas, Texas 75251.*

Response:  **CORECARE** lacks sufficient knowledge to admit or deny the allegations within

in paragraph 3 of the Third-Party Complaint.

*4.      Third-Party Defendant CORECARE MANAGEMENT, upon information and belief, is a Louisiana limited liability company authorized to do business in Texas which can be served with process through its registered agent, THE WHEELER LAW FIRM, LLC, at 1615 Poydras Street, Suite 900, New Orleans, Louisiana 70112.*

Response:  **CORECARE** has been served and appears by this Answer.

*5.      Third-Party Defendant PRIME HEALTH SERVICES, INC. ("PRIME"), upon information and belief, is a Tennessee corporation with its principal office located at 331 Mallory Station Rd. Franklin, Tennessee 37067.*

Response:  **CORECARE** lacks sufficient knowledge to admit or deny the allegations within

in paragraph 5 of the Third-Party Complaint.

## I. JURISDICTION & VENUE

6.      *The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because NARS is diverse in citizenship from Plaintiff and the amount in controversy is in excess of $75,000.*

Response:  **CORECARE** admits it is subject to the Court's jurisdiction, but **CORECARE**

lacks sufficient information or knowledge to admit or deny the remaining allegations in paragraph 6

of the Third-Party Complaint.

7.      *The Court has supplemental jurisdiction over NARS' third-party claims pursuant to 28 U.S.C. § 1367(a) because the claims are based on the same nucleus of operative facts as Plaintiff's claims.*

Response:  **CORECARE** lacks sufficient information or knowledge to admit or deny the

remaining allegations in paragraph 7 of the Third-Party Complaint.

8.      *Venue is proper in this District because Plaintiff originally sued in Travis County state district court and Plaintiff's principal place of business is in the United States Western District of Texas.  See 28 U.S.C. § 1391(b)(2).*

Response:  **CORECARE** admits the incidents at issue in this matter took place in Travis

County, Texas.  **CORECARE** avers the allegations contained within paragraph 8 of the Third-Party

Complaint are allegations of law and do not require a response.  To the extent that further answer is

required, **CORECARE** lacks sufficient information or knowledge to admit the allegation.

### FACTUAL ALLEGATIONS

9.      *On August 1, 2015, SLIC entered into a "Claims Servicing Agreement" with NARS for the provision of claims adjusting and administrative services ("the CSA").*

Response:  **CORECARE** lacks sufficient information or knowledge to admit or deny the

allegations in paragraph 9 of the Third-Party Complaint.

10.      *At SLIC's specific instruction, Tee & Gee collected deductibles under the CSA because SLIC believed Tee & Gee had the necessary information and expertise to handle that function.  According to Plaintiff's petition, however, Tee & Gee has not timely paid deductibles that they have collected, has not timely collected deductibles and has applied the deductibles incorrectly.*

Response:  **CORECARE** lacks sufficient information or knowledge to admit or deny the allegations in paragraph 10 of the Third-Party Complaint.

11.    *Upon information and belief, Tee & Gee engaged CoreCare to provide the medical bill review under the CSA. However, according to Plaintiff's petition in this case, CoreCare billed for its services at an excessive rate, which amounted to an overbilling of $743,203.51. Plaintiff also alleges that CoreCare overcharged for case management services in the amount of $121,233.10.*

Response:  **CORECARE** denies the allegations in paragraph 11 of the Third-Party Complaint.

12.    *Upon information and belief, and without NARS' knowledge or consent, CoreCare engaged Prime to provide accurate and timely EDI (Electronic Data Interchange) filings. However, according to Plaintiff's petition, in many cases, Prime has failed to make the filings or to make them timely, causing penalties and fines to be assessed against SLIC.*

Response:  **CORECARE** denies the allegations in paragraph 12 of the Third-Party Complaint.

13.    *On April 9, 2019, Plaintiff filed this suit in state district court in Travis County, Texas against NARS to recover damages arising out of services performed by Third-Party Defendants relating to the medical bill review, deductible collections, and EDI filings. On May 7, 2019, NARS filed its answer and counter-claim in the Travis County case. On May 14, 2019, NARS timely removed this matter to this Court based on federal diversity jurisdiction. Pursuant to Fed. R. Civ. P. 14(a)(1), this Third-Party Complaint is filed with fourteen days of that removal, and therefore no leave of court is necessary for same.*

Response:  **CORECARE** avers the allegations contained within paragraph 13 of the Third-Party Complaint are allegations of law and do not require a response. To the extent that further answer is required, **CORECARE** lacks sufficient information or knowledge to admit the allegation.

## I. CAUSES OF ACTION

### COUNT 1:  CONTRIBUTION

14.    *All paragraphs alleged in this pleading are incorporated herein by reference.*

Response:  Paragraph 14 does not require a response.

15.    *NARS alleged liability to Plaintiff is solely derivative of Third-Party Defendants' actions in failing to adequately perform the services that they contracted with NARS to perform.*

<u>Response</u>:   **CORECARE** denies the allegations in paragraph 15 of the Third-Party Complaint.

16.   *The damages Plaintiff alleges in its complaint, if any, are a direct and/or proximate result of Third-Party Defendants' acts or omissions.*

<u>Response</u>:   **CORECARE** denies the allegations in paragraph 16 of the Third-Party Complaint.

17.   *Pursuant to TEX. CIV. PRAC. & REM. CODE 33.015, et seq., NARS asserts a claim for contribution against each Third-Party Defendant, and requests that the percentage of relative fault and culpability of each Third-Party Defendant be submitted to the factfinder in this matter upon the conclusion of proof and evidence at a trial of the merits.*

<u>Response</u>: **CORECARE** avers the allegations contained within paragraph 17 are allegations of law and do not require a response.

### <u>COUNT II: BREACH OF CONTRACT</u>

18.   *All paragraphs alleged in this pleading are incorporated herein by reference.*

<u>Response</u>:  Paragraph 18 does not require a response.

19.   *NARS and Third-Party Defendants entered into a valid and binding contract for services.*

<u>Response</u>:   **CORECARE** lacks sufficient information or knowledge to admit or deny the allegations in paragraph 19 of the Third-Party Complaint.

20.   *If Plaintiff's allegations are true, specifically those relating to the medical bill review, deductible collections, and EDI filings, Third-Party Defendants breached the terms of their respective contracts with NARS by failing to perform the services that they contracted to perform..*

<u>Response</u>:   **CORECARE** denies the allegations in paragraph 20 of the Third-Party Complaint.

21.   *As a result of Third-Party Defendants' breaches of contract, NARS suffered damages, including : (a) damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff against NARS, as well as NARS' own attorneys' fees and cost:*

*and (b) the amount owed by Third-Party Defendants to NARS under their respective contracts, plus interest, penalties, attorneys' fees, and costs.*

Response:   **CORECARE** denies the allegations in paragraph 21 of the Third-Party Complaint.

### COUNT III:  NEGLIGENCE

22.     *All paragraphs alleged in this pleading are incorporated herein by reference.*

Response:  Paragraph 22 does not require a response.

23.     *Third-Party Defendants owed NARS the duty of reasonable care in performing their respective duties as similarly situated companies providing adjusting and administrative services.*

Response:   **CORECARE** denies the allegations in paragraph 23 of the Third-Party Complaint.

24.     *Third-Party Defendants through their negligence breached such duty, as more specifically identified in paragraphs 10-12 above.*

Response:   **CORECARE** denies the allegations in paragraph 24 of the Third-Party Complaint.

25.     *As a result of Third-Party Defendants' breaches of contract, NARS suffered damages, including: (a) damages incurred as a result of Plaintiff's lawsuit, including the amount of any judgment entered in favor of Plaintiff against NARS, as well as NARS' own attorneys' fees and costs: and (b) the amount owed by Third-Party Defendants to NARS under their respective contracts, plus interest, penalties, attorneys' fees and costs.*

Response:   **CORECARE** denies the allegations in paragraph 25 of the Third-Party Complaint.

*WHEREFORE, Defendant/Third-Party Plaintiff NORTH AMERICAN RISK SERVICES, INC. requests that Third-Party Defendants be cited to appear and answer herein, and that in the unlikely event that the Defendants/Third-Party Plaintiff is found liable for any damages sought by Plaintiff, that it have recovery against Third-Party Defendants as provided by law and for such other and further relief, to which it may show itself justly entitled*

Response:  This paragraph does not require a response.

<u>**AFFIRMATIVE DEFENSES**</u>

Without waiving any other defense, and without admission of any fact or liability, **CORECARE** pleads the following affirmative defenses:

1.      Some or all of Defendant/Third-Party Plaintiff's claims are barred by the applicable statute of limitations.

2.      If Defendant/Third-Party Plaintiff suffered any damages, which is specifically denied, the damages resulted from Defendant/Third-Party Plaintiff's act or omissions, or the acts and/or omissions of persons or entities for which **CORECARE** is not liable.  Such acts or omissions are the sole, proximate, or legal cause of Defendant/Third-Party Plaintiff's damages, if any.

3.      Events other than those set in motion by **CORECARE** are the sole proximate cause of Defendant/Third-Party Plaintiffs' injuries, if any.

4.      If it is determined that Defendant/Third-Party Plaintiff has made any form of recovery by way of judgment, settlement or otherwise for all or any part of the alleged injuries or damages, **CORECARE** claims the benefit of such recovery or relief by way of set off, payment, credit recoupment, accord and satisfaction or otherwise.

5.      To the extent it is required to do so, **CORECARE** invokes Chapter 33 of the TEXAS CIVIL PRACTICE & REMEDIES CODE and demands that the responsibility for Defendant/Third-Party Plaintiff's injuries, if any, be apportioned in compliance with the provisions of that statute.

6.      To the extent it is required to do so, **CORECARE** invokes Chapter 41 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, including the requirement of proof by clear and convincing evidence and the limitations on an award of exemplary damages set forth therein.

7.      Any recovery of exemplary (punitive damages) or extra-contractual damages against **CORECARE** in this case is subject to the limitations and protections in the Due Process Clause of Fourteenth Amendment to the United States Constitution and in the Texas Constitution.

8.      **CORECARE** avers that Plaintiff failed to mitigate his damages.

9.      To the extent applicable, and to the extent not inconsistent with its defenses raised herein, **CORECARE** adopts any defenses raised by any other defendant.

<u>RESERVATION</u>

**CORECARE** specifically reserves its right to amend and/or supplement this Answer and Defenses to add additional defenses to the extent they are or become applicable or available as the case proceeds.

WHEREFORE, Third-Party Defendant, **CORECARE MANAGEMENT**, requests the Court to enter judgment in its favor and against Third-Party Plaintiff, to award it its costs of court and to grant it all other relief to which it may be entitled.

Respectfully Submitted,

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

_/s/ Josh K. Davis_

**JOSH K. DAVIS**
Texas Bar No. 24031993
Josh.Davis@lewisbrisbois.com
**DIANE P. DAWLEY**
Texas Bar No. 24029777
Diane.Dawley@lewisbrisbois.com
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767—Telephone
(713) 759-6830—Facsimile

**ATTORNEYS FOR
THIRD-PARTY DEFENDANT,
CORECARE MANAGEMENT**

## <u>CERTIFICATE OF SERVICE</u>

Upon the filing of this instrument, it will be served upon all persons enrolled in this case for electronic service under the CM/ECF system pursuant to the FEDERAL RULES OF CIVIL PROCEDURE on this 2ND day of July 2019.

*/s/ Josh K. Davis*
**JOSH K. DAVIS**

*Original Answer by Third-Party Defendant, CoreCare Management to Defendant/Third-Party Plaintiff's North American Risk Services Inc. Third-Party Complaint*