UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SERVICE LLOYDS INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:19-CV-518-RP |
| NORTH AMERICAN RISK SERVICES, INC. | § § § § | |
| Defendant/Third Party Plaintiff | § § § | |
| v. | § § | |
| TEE & GEE UNDERWRITING MANAGERS, LP; CORECARE MANAGEMENT; and PRIME HEALTH SERVICES, INC.; | § § § § § § | |
| Third Party Defendants | § § | |

**REPORT OF RULE 26 INITIAL CONFERENCE**

1. Pursuant to Rule 26(f), Federal Rules of Civil Procedure, the parties met telephonically on the 21st day of August, 2019. Anthony Icenogle, attorney for Plaintiff, Marty Schexnayder, attorney for Defendant, Jason Jobe, and Caitlynn Roberts, attorneys for Third Party Defendant, Tee & Gee Underwriting Managers, LP and Josh Davis and Diane Dawley, attorneys for Third Party Defendant, CoreCare Management participated in the telephone conference.

2. *26(f)(3) Discovery Plan.* The parties jointly propose to the Court the following discovery plan:

a. The parties will exchange the information required by Rule 26(a)(1), Federal Rules of Civil Procedure, by September 15, 2019.

b. The parties agree all discovery shall be served in time to afford the completion of discovery by July 15, 2020.

c. The parties do not presently anticipate any exceptional issues regarding the discovery of electronically stored information and agree as follows:

i. The parties agree that production shall include data reasonably available in the ordinary course of business.

ii. The parties agree to the exchange of documents and information in ".pdf" format except as otherwise noted herein. The exchange of information will take place by the production of optical discs (CD or DVD) containing .pdf copies of the produced material.

iii. Digital photographs shall be produced in .jpg, .bmp, or .tif format. Film photographs, if any, shall be produced in print.

d. The parties agree that should either party inadvertently produce information deemed privileged by the producing party that information shall immediately be returned to producing party.

e. The parties do anticipate the need for a protective order to protect trade secret information of all parties. The parties will submit an agreed protective order to the Court. Further, the parties agree that the work product of

counsel, and correspondence directly to or from counsel, shall not require logging on the parties' respective privilege logs.

      f.     The taking of depositions shall be governed by the Federal Rules of Civil Procedure.

      g.     Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court. All responses thereto shall be made within thirty (30) days of service.

      h.     After learning of additional information pertaining to the subject matter of a disclosure or discovery request, each party shall supplement their responses in accordance with the Federal Rules of Civil Procedure.

3.    ***26(a)(2) Expert Disclosures.***  The parties propose the Rule 26(a)(2) disclosures of Plaintiff's expert witnesses and their opinions shall be made on or before April 15, 2020; and Defendant's Rule 26(a)(2) expert witness disclosures shall be made by May 15, 2020. Plaintiff's rebuttal witnesses are due on or before May 30, 2020.

4.    ***Magistrate Jurisdiction.***  The parties have discussed the matter of magistrate judge jurisdiction over this case.

5.    ***Settlement and Mediation.***  The likelihood of settlement in this case prior to, or at the expiration of the discovery period, is unknown at this time. Mediation, however shall be attempted by the parties after the substantial completion of discovery, but not later than August 30, 2020.

6. **_Trial._** The parties agree this case will be ready for trial in October 2020, and is estimated to take ten (10) days.

7. **_Other Items._**

   a. The parties do not request a discovery conference before the entry of the Court's scheduling order.

   b. This is not a case which should be made subject to the Manual of Complex Litigation.

Respectfully submitted this 23rd day of August, 2019.

By: /s/ Anthony Icenogle
Anthony Icenogle
ICENOGLE & BOGGINS, P.L.L.C.
6805 N. Capital of Texas Hwy., Ste. 220
Austin, Texas 78731
Anthony@icenoglefirm.com

**COUNSEL FOR PLAINTIFF
SERVICE LLOYDS FNSURANCE
COMPANY**

By: /s/ Diane Dawley
Diane Dawley
LEWIS BRISBOIS
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Diane.dawley@lewisbrisbois.com

**COUNSEL FOR THIRD-PARTY
DEFENDANT CORECARE
MANAGEMENT**

By: /s/ Martin S. Schexnayder
Martin S. Schexnayder
WINGET, SPADAFORA &
SCHWARTZBERG, LLP
Two Riverway, Suite 725
Houston, Texas 77056
Schexnayder.M@wssllp.com

**COUNSEL FOR DEFENDANT
NORTH AMERICAN RISK
SERVICES, INC.**

By: /s/ Jason Jobe
Jason Jobe
THOMPSON COE
700 N. Pearl St., 25th Floor
Dallas, TX 75201
Jjobe@thompsoncoe.com

**COUNSEL FOR THIRD-PARTY
DEFENDANT
TEE & GEE UNDERWRITING
MANAGERS, LP**