# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **SERVICE LLOYDS INSURANCE COMPANY** | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 1:19-CV-518 |
| | § | |
| **NORTH AMERICAN RISK SERVICES, INC.** | § § § | |
| Defendant/Third-Party Plaintiff, | § § | |
| v. | § § | |
| **TEE & GEE GROUP, LLC; CORECARE MANAGEMENT; AND PRIME HEALTH SERVICES, INC.,** | § § § § | |
| Third-Party Defendants. | § | |

## NARS' RESPONSE IN OPPOSITION TO THIRD-PARTY DEFENDANT CORECARE MANAGEMENT'S MOTION TO COMPEL AND FOR SANCTIONS

Defendant/Third-Party Plaintiff North American Risk Services, Inc. ("NARS") files this Response in Opposition to Third-Party Defendant CoreCare Management's ("CoreCare") Motion to Compel and for Sanctions, and would show as follows:

**1.**

## Summary of Response

CoreCare's motion is frivolous and a waste of this Court's time and resources. The relief Core Care is seeking – to take the deposition of NARS employee Tiffany Curry – is moot because NARS has already agreed to present Ms. Curry for deposition. What Core Care is demanding is that it be allowed to take Ms. Curry's deposition *before* presenting its corporate representative for deposition, even though NARS has already presented a

1

NARS corporate representative for deposition *who was most knowledgeable about NARS' claims against CoreCare.* Essentially, Core Care wants two bites at the apple before giving NARS even one. Core Care's motion should be denied.

**2.**

**NARS Already Presented Corporate Representative
With Most Knowledge of Claims against Core Care**

On July 30, 2020, NARS presented its corporate representative, Robert Ruryk, President and CEO of North American Risk Services, for deposition. Mr. Ruryk was presented, among other things, as the corporate representative with the most knowledge about the claims and causes of action asserted by NARS against CoreCare, which was the first topic identified in CoreCare's deposition notice. (See Ex. A & B to CoreCare's Motion). Mr. Ruryk had significant knowledge of the facts and issues in the case, as evidenced by the fact that he was questioned by the attorneys in the case for a full 7 hours. When CoreCare's attorney's turn for questioning came, instead of questioning Mr. Ruryk on his knowledge about the first two topics in its deposition notice, CoreCare's attorney spent his time trying to establish what Mr. Ruryk was not most knowledgeable on. While Mr. Ruryk admitted he was not the most knowledgeable NARS employee about 8 specific subjects that CoreCare identified in its deposition notice, never did CoreCare's attorney ask Mr. Ruryk whether he was the most knowledgeable about the first two topics identified in the notice, which were:

1. Allegations in North American Risk Services, Inc.'s Second Amended Third-Party Complaint that pertain to CoreCare, including any of the services CoreCare performed, alleged overbilling and excessive charges, CoreCare's alleged breach of the terms of the implied contracts and CoreCare's alleged negligence.

2. Damages incurred by and/or being sought by NARS in this lawsuit, along with the amount and type of expenses and legal fees incurred by NARS in this lawsuit.

Had CoreCare's attorney bothered to ask, Mr. Ruryk would have told him that Mr. Ruryk was the most knowledgeable witness on these topics, which were clearly the most important and relevant of the 10 topics CoreCare itemized in its notice.

### 3.
### CoreCare's Motion is Pure Gamesmanship

As one commentator has noted, FRCP 30(b)(6) is often the source of gamesmanship and needless discovery disputes – precisely what CoreCare is doing here:

> Because 30(b)(6) depositions are not discussed in Rule 26(f) conferences or addressed in Rule 16, it has become a catch-all for the kinds of disproportional demands, sudden deadlines and "gotcha" games that the Committee has removed from other discovery rules. Too often, 30(b)(6) notices are overloaded with dozens of topics, a practice that advantages neither party, but rather leads to back-and-forth finger pointing about too many poorly defined topics on the one hand, and inadequate preparation of witnesses on the other. It is absurd to expect high-definition focus from a wide-angle lens.

Comment to the Rule 30(b)(6) Subcommittee of the Advisory Committee on Civil Rules, Lawyers for Civil Justice, https://www.uscourts.gov/sites/default/files/17-cv-u-suggestion_lcj_0.pdf.

CoreCare's motion exemplifies exactly this type of "gotcha" gamesmanship. By including numerous extraneous topics in its notice of deposition that CoreCare knew no one person could be most knowledgeable on, CoreCare is now attempting to renege on its prior agreement to present its corporate representative in the order previously agreed upon by counsel.[1] Never did CoreCare's attorney condition his agreement to present his

---
[1] CoreCare agreed to present its corporate representative for deposition on August 21, 2020. CoreCare has not filed a motion to quash that deposition, so presumably it will still go forward.

corporate representative on NARS presenting one witness with most knowledge of *all topics of its choosing*, no matter how arcane or obscure those topics might be. Rather, it was impliedly understood that NARS would present a witness *with the most knowledge of its claims against CoreCare*, which it did. CoreCare should be required to now fulfill its end of the bargain and present its corporate representative for deposition in the order previously agreed upon.

**3.**

**Motion is Moot Because NARS Has Agreed
to Present Ms. Curry for Deposition**

CoreCare neglects to inform this Court that NARS has already agreed to the relief requested – to present Ms. Curry for deposition, after the first round of corporate representative depositions have been completed. For this additional reason, CoreCare's motion is moot and should be denied.

Respectfully submitted,

**WINGET, SPADAFORA & SCHWARTZBERG, LLP**

By: \_\_\_\_/s/ Martin S. Schexnayder\_\_\_\_
Martin S. Schexnayder
State Bar No. 17745610
Federal Bar 15146
Two Riverway, Suite 725
Houston, Texas 77056
Telephone: 713-343-9200
Facsimile: 713-343-9201
Schexnayder.M@wssllp.com

**COUNSEL FOR DEFENDANT/THIRD-PARTY PLAINTIFF NORTH AMERICAN RISK SERVICES, INC.**

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a true and correct copy of the foregoing instrument has been duly and properly served upon all counsel herein on August 7, 2020, in accordance with the Federal Rules of Civil Procedure.

                /s/ Martin S. Schexnayder
                Martin S. Schexnayder