# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **SERVICE LLOYDS INSURANCE CO.** | § | |
| | § | |
| **V.** | § | A-19-CV-518-RP |
| | § | |
| **NORTH AM. RISK SRVCS, INC., et al.** | § | |

## ORDER

Before the Court are Third-Party Defendant CoreCare Management's Motion to Compel and Motion for Sanctions against Defendant/Third-Party Plaintiff North American Risk Services (Dkt. No. 70); Third-Party Defendant Prime Health Services, Inc.'s Motion to Compel against North American Risk Services (Dkt. No. 71); North American Risk Services' respective Responses (Dkt. Nos. 72, 73), and CoreCare's Reply (Dkt. No. 74). The District Court referred the motions to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

## I. ANALYSIS

This discovery dispute arises from a breach of contract suit between Service Lloyds Insurance Company, Defendant/Third-Party Plaintiff North American Risk Services ("NARS"), and Third-Party Defendants Tee & Gee Group, LLC, CoreCare Management and Prime Health Services, Inc. CoreCare and Prime Health each request the Court compel NARS to to produce a corporate representative for deposition prior to the depositions of their corporate representatives. Dkt. Nos. 70, 71. CoreCare's motion also seeks an award of sanctions against NARS. Dkt. No. 70. NARS only opposes CoreCare's motion. *See* Dkt. Nos. 72, 73.

In accordance with an agreement between the parties, corporate representatives for Service Lloyds and NARS were to be deposed on July 28 and July 30, 2020, followed later in August by the

depositions of corporate representatives for the three Third-Party Defendants. CoreCare and Prime Health both indicate that having the deposition of NARS's representative completed before their representatives were deposed was an important part of the parties' scheduling agreement, and nothing in NARS's briefing challenges this. Prior to the NARS deposition, CoreCare and Prime Health each served proper deposition notices for the NARS corporate representative deposition, including the list of topics on which they sought to depose the corporation. *See* Dkt. No. 70-2; Dkt. No. 71-1. CoreCare's Rule 30(b)(6) notice requested NARS present a representative with knowledge to testify on ten different topics. *See* Dkt. No. 70-2. Prime Health's Rule 30(b)(6) notice identified six topics it sought to depose NARS' corporate representative on. Dkt. No. 71-1. NARS did not object to either CoreCare or Prime Health's notices or any of the identified topics.

On July 30, 2020 the NARS deposition went forward with Robert Ruryk (the CEO) as the corporate representative. When it became CoreCare's turn to question Ruryk (who had first been questioned by Service Lloyd's counsel), he stated that he did not have the requisite knowledge to answer questions on 8 of the 10 designated topics, and indicated that a single witness, Tiffany Curry, would likely be the appropriate representative on those topics. *See* Dkt. No. 70-3; Dkt. No. 71-2. When the deposition ended, counsel for CoreCare and Prime Health contacted NARS's attorney and expressed their desire to complete the NARS deposition (with Ms. Curry as the representative) before the CoreCare and Prime Health 30(b)(6) depositions took place, as the parties had all agreed to previously. NARS counsel refused, and insisted that the CoreCare and Prime Health depositions go forward as scheduled, and the deposition of Curry would be arranged thereafter.

NARS' position thus led to these motions, which seek to compel NARS to produce an appropriate corporate representative for deposition prior to the scheduled depositions of CoreCare

and Prime Health's respective corporate representatives. In response, NARS states that it does not oppose Prime Health's motion (Dkt. No. 73). With regard to CoreCare's motion, however, NARS states that there is no basis for its request, and notes that Ruryk was in fact the correct corporate representative for the 2 of the "most important and relevant of the 10 topics CoreCare itemized in its notice." Dkt. No. 72 at 3.

Rule 30(b)(6) requires that the corporation "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 432-33 (5th Cir. 2006) (internal citations and quotations omitted). In addition, the duty to present and prepare a Rule 30(b)(6) designee "goes beyond matters personally known to that designee or to matters in which that designee was personally involved." *Id.* "The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources." *Id.*

The Fifth Circuit has stated that a corporatation "violate[s] rule 30(b)(6) by failing to prepare [the representative] with respect to issues that although not within his personal knowledge, *were within the corporate knowledge of the organization* . . . ." *Brazos River Auth.*, 469 F.3d at 433 (emphasis added). Further, it described the matters a representative must be prepared to testify to as whatever is "within the collective knowledge or subjective belief of [the corporation]." *Id.* at 434. In other words, a corporation does not meet its Rule 30(b)(6) obligation where it presents a witness with no knowledge of the matters asked about where there *was* a corporate employee who *did* have

the relevant knowledge, and the corporation failed to act diligently to determine that and either present her for the deposition, or educate its chosen representative on the facts that employee knew.

NARS violated Rule 30(b)(6) by producing a corporate agent for deposition who was not knowledgeable regarding the designated topics identified in CoreCare's deposition notice. NARS concedes in its Response that Ruryk was only knowledgeable on 2 of the 10 topics identified in CoreCare's deposition notice. Dkt. No. 72 at 3. NARS did not object to CoreCare's notice, and never attempted to inform CoreCare that the corporate representative it would present lacked knowledge on 8 of the 10 topics. By presenting a corporate representative knowledgeable as to only 2 of the 10 deposition topics identified in the deposition notice, NARS clearly failed to discharge its obligations under Rule 30(b)(6). Indeed, despite contending "CoreCare's motion is frivolous and a waste of this Court's time and resources," and claiming that it "is pure gamesmanship," (*id.* at 1, 3), NARS offers no defense of its complete failure to fulfill its obligations under the Rule. Its only substantive response is to claim the motion is moot, because it now agrees that it will produce Ms. Curry at some point in the future.

More importantly, by failing to pick up the phone and inform CoreCare's counsel *before the deposition* that the representative presented would not be able to respond to the majority of CoreCare's designated topics was a failure of professionalism. From the best the Court can determine from the record, it was not until CoreCare's counsel began questioning Ruryk that he learned the correct representative for 8 of the 10 designated topics CoreCare noticed the deposition to cover was not Ruryk. It would seem that the professional thing for counsel to do would have been to call CoreCare's attorney *before the deposition*, explain the problem and try to work out a solution. Instead, he waited until the problem manifested itself, and then when CoreCare made a reasonable

4

proposal to solve the issue, he took the position that the person being unreasonable was CoreCare's attorney, thereby making the problem something the Court is having to deal with.

The parties' emails make this point best. The day after the deposition CoreCare's counsel emailed NARS's counsel, stating that "CoreCare would like to schedule Tiffany Curry's deposition before we start deposing corporate reps for the 3rd party defendants," and asked if NARS would be "agreeable to producing Ms. Curry prior to CoreCare's corporate rep depo." Dkt. No. 70-4 at 1. NARS's counsel responded that he thought "it makes more sense to do one round of corp rep depos, and then a second round once we have ironed out who knows what," and his position was to "stick to the current schedule." *Id.* at 3. CoreCare's attorney responded that Ruryk only had "peripheral knowledge of the areas" CoreCare had designated, and explained:

> From CoreCare's perspective, we wanted someone that can talk about NARS' claims against them and the damage model that has been put forward. After yesterday's deposition, we are no closer to understanding the calculations for the damage models or the basis for such models than we were before. In fact, I would say, we have more questions than when we started yesterday's deposition.

*Id.* at 5. He even offered "to take the rowing oar on getting dates arranged for Ms. Curry to be deposed between now and then." *Id.* NARS's response was curt: "It is laughable to say Mr. Ruryk—who you guys deposed for 7 hours—had only 'peripheral knowledge' of the issues. Good luck selling that to the judge. I stand by my position." *Id.* at 6.[1] CoreCare replied that the fact that Ruryk could not answer questions on 80% of the designated topics was pretty good evidence that Ruryk had only peripheral knowledge of what CoreCare wanted to know, and warned NARS that

---

[1] Again, the record is not voluminous, and only contains a small excerpt of the Ruryk deposition. But from what *is* in the record, it appears that the vast majority of the "7 hours" NARS's counsel references were questions asked by the Plaintiff, Service Lloyds, not CoreCare, so this comment was irrelevant to CoreCare's objection.

he would ask for sanctions if he had to file a motion. *Id.* at 7. NARS's reply was succinct: "Sanction away, my friend." *Id.* at 8.

Because NARS failed to comply with its obligations under Rule 30(b)(6), and because it also refused to remedy that failure, the Court will grant CoreCare's and Prime Health's motions (Dkt. Nos. 70, 71). NARS is ordered to present for deposition Tiffany Curry (or another appropriate, knowledgeable corporate representative in full compliance with Rule 30(b)(6)) **prior to the deposition** of CoreCare or Prime Health's 30(b)(6) representatives.

It is at this point that NARS's counsel may regret his "sanction away" comment, as CoreCare's motion, as promised, asked the Court to sanction NARS for forcing CoreCare to bring the matter before the Court. Dkt. No. 70 at 5-6. Rule 37(d) provides that a court may "order sanctions if . . . a person designated under Rule 30(b)(6) . . . fails, after being served with proper notice, to appear for that person's deposition." FED. R. CIV. P. 37(d)(1)(A)(i). The rule states:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(d)(3). The Fifth Circuit has held that sanctions under Rule 37(d) are available where a designated Rule 30(b)(6) representative "is not knowledgeable about relevant facts, and the principal has failed to designate an available, knowledgeable, and readily identifiable witness," because under such circumstances, "the appearance is, for all practical purposes, no appearance at all." *Resolution Trust Corp. v. Southern Union Co.*, 985 F.2d 196, 197 (5th Cir. 1993).

In another situation, the Court might have let these transgressions pass, but the combination of counsel's flippant response to CoreCare's reasonable gripe, his refusal to cure the error,

and—perhaps most annoyingly—his claim that *CoreCare's motion* was "frivolous and a waste of the Court's time and resources" (Dkt. No. 72 at 1), tipped the balance in favor of sanctions. Of course, counsel was half right—the motion was a waste of the Court's time and resources. Not because it was frivolous, but instead because it was plainly meritorious and counsel should have been reasonable and not forced CoreCare to file it.

Accordingly, the Court finds that awarding CoreCare its fees and expenses is appropriate, and will order NARS and its counsel to bear CoreCare's reasonable expenses and attorney's fees incurred in filing the Motion to Compel. Within 14 days of the date of this order, CoreCare shall file a brief advisory identifying the fees and expenses at issue, after following the procedures of Local Rule CV-7(j) (specifically, attempting to reach agreement on the amount, and failing that, submitting the materials called for in Rule CV-7(j). If the matter is contested, NARS shall file its response within the time set by Rule CV-7(j).).

## II. CONCLUSION

As set forth above, Prime Health's Motion to Compel (Dkt. No. 71) is **GRANTED** in its entirety and CoreCare's Motion to Compel and Motion for Sanctions (Dkt. No. 70) is **GRANTED** as well. The Clerk is directed to return this case to the docket of the Honorable Robert Pitman.

SIGNED this 18th day of August, 2020.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE