IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| SERVICE LLOYDS INSURANCE CO. § | |
| § | |
| V. § | 1:19-cv-0518-RP |
| § | |
| NORTH AM. RISK SRVCS, INC., et al. § | |

## ORDER

Before the Court is Third-Party Defendant CoreCare Management's Motion to Compel Documents Withheld Subject to Attorney-Client Privilege against Defendant/Third-Party Plaintiff North American Risk Services (Dkt. No. 78) and North American Risk Services' Response (Dkt. No. 81). The District Court referred the motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

This dispute arises out of a breach of contract suit between Service Lloyds Insurance Company, North American Risk Services ("NARS"), Tee & Gee Group, LLC, CoreCare Management, and Prime Health Services, Inc. On November 20, 2019, CoreCare served 38 Requests for Production on NARS. Dkt. No. 78-1. NARS submitted its responses with a privilege log identifying various documents it claimed as protected under attorney-client privilege. Dkt. No. 78-2. On October 20, 2020, CoreCare sent correspondence to NARS arguing that its privilege log was deficient (Dkt. No. 78-3), and on October 27, 2020, NARS produced an amended privilege log (Dkt. No. 78-4).

In the instant motion, CoreCare asserts that NARS has improperly withheld certain documents based on attorney-client privilege without adequately establishing the elements of

privilege. Dkt. No. 78. Specifically, CoreCare argues that NARS' privilege logs lack the necessary detail to describe how the attorney-client privilege applies to the documents being withheld. *Id.* at 6. CoreCare further alleges that NARS has withheld documents on the basis of attorney-client privilege where NARS' general counsel, Jon Palmquist, was merely copied on communications. *Id.* CoreCare requests the Court to compel NARS to produce to it the documents it alleges were improperly classified as attorney-client privileged, or in the alternative, order that NARS supplement its privilege logs to adequately support its assertions of privilege. In response, NARS states that it has satisfied its burden to withhold the documents on account of attorney-client privilege. Dkt. No. 81. NARS argues that because its privilege log contains a description of each document, the date of the communication or document, the identity of those who were party to the communication, and the basis for the privilege, it has satisfied its burden. *Id.* at 2. NARS further offers the documents in question for *in camera* review. *Id.* at 3.

## II.  LEGAL STANDARD

The scope of discovery is broad. *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011). Federal Rule of Civil Procedure 26 provides that, unless otherwise limited by court order, parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1). "A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby*, 647 F.3d at 262

(quoting *Wiwa v. Royal Dutch Petrol. Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). A party seeking discovery may file a motion to compel after conferring in good faith to secure that discovery without court action. FED. R. CIV. P. 37(a). If the motion is filed and granted, the Court must order the resisting party to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. FED. R. CIV. P. 37(a)(5).

"Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections." *Hobbs v. Petroplex Pipe & Constr., Inc., No.*, 2018 WL 3603074, at *2 (W.D. Tex. Jan. 29, 2018); *see also McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "A party objecting to discovery must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is overly broad and burdensome or oppressive or vexatious or not reasonably calculated to lead to the discovery of admissible evidence." *Id.*; *see also Carr v. State Farm Mut. Auto. Ins. Co.*, 312 F.R.D. 459, 469 (N.D. Tex. 2015) (stating that the party resisting discovery has the burden to "specifically object") (citing *McLeod*, 894 F.2d at 1485).

### III.  ANALYSIS

"A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Rule 26(b)(5) provides that "a party claiming a privilege 'shall make the claim expressly and shall describe the nature of documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.'" *Id.* (citing FED. R. CIV. P. 26(b)(5)). In complex

3

litigation, compliance is generally accomplished with a privilege log that identifies the documents by date, names of the author or authors and recipient or recipients, and generally describes the subject matter.  *In re Santa Fe.*, 272 F.3d at 710*; Weatherly v. Pershing LLC*, 2015 U.S. Dist. LEXIS 187422, at *9 (N.D. Tex. 2015).

      Here, CoreCare asserts that NARS has improperly withheld documents on the basis of attorney-client privilege because it failed to establish the elements of the privilege with its privilege log.  In particular, CoreCare takes issue with the short descriptions of email communications identified as withheld on the basis of attorney-client privilege, for example, descriptions such as "E-mail to Robert Ruryk", "Status re Core Care", "CoreCare MBR Contract" and "Bill Review Issues." Dkt. No. 78 at 3; *see* Dkt. No. 78-4.  In its response, NARS argues that it has satisfied its burden because for each document it claims is privileged its log identifies: (1) the format of the document; (2) date the document was created; (3) the participants to the communications; (4) the descriptions of the privileged subject matter; and (5) the privilege asserted.  Dkt. No. 81 at 2.

      Only communications made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding" are covered by the attorney-client privilege.  *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985); *In re Grand Jury Proceedings*, 517 F.2d 666, 670 (5th Cir. 1975). Courts generally construe privilege exemptions narrowly and attorney communications will not be privileged if they are done to obtain business or technical advice, given that business matters or management decisions are not privileged.  *Stoffels v. SBC Communications, Inc.*, 263 F.R.D. 406, 411 (W.D. Tex. 2009).  Hence, the privilege does not protect documents and other communications simply because they result from an attorney-client relationship.  *See Navigant Consulting, Inc. v. Wilkinson*, 220 F.R.D. 467, 473 (N.D. Tex. 2004).

And specific to some of the arguments here, "[d]ocuments that [are] 'carbon copied' to counsel for informational purposes rather than for legal advice are not privileged." *Zloop, Inc. v. Phelps Dunbar LLP*, 2019 WL 1320542, at *3 (W.D. La. Mar. 22, 2019).

Based on the sparse descriptions of the withheld communications, the Court agrees that NARS has not shown that the receipt of "legal counsel" was the primary purpose of all the communications it has withheld. *See Navigant*, 220 F.R.D. at 473-74. The fact that NARS' general counsel was a party to email communications is not enough to establish those communications are protected by attorney-client privilege. "Although a privilege log and an *in camera* review of documents may assist the court in conducting its analysis, a party asserting the privilege still must provide 'a detailed description of the materials in dispute and state specific and precise reasons for their claim of protection from disclosure.'" *Navigant,* 220 F.R.D. at 473-74 (quoting *Pippenger v. Gruppe*, 883 F.Supp. 1201, 1212 (S.D. Ind. 1994)). The limited descriptions of communications in NARS' privilege log are insufficient to establish whether those communications were made for the purpose of seeking legal advice, and thus whether those documents are protected by attorney-client privilege. *See* Dkt. No. 78-4. The Court will therefore order NARS to produce an amended privilege log with sufficient detail to support its claims of attorney-client privilege for each withheld document. If CoreCare continues to contest any designation on the amended log, it may seek relief by motion, after making diligent efforts to resolve any disputes by agreement.

## IV.  CONCLUSION

Thus, CoreCare's Motion to Compel (Dkt. No. 78) is **GRANTED IN PART AND DENIED IN PART**. CoreCare's request that NARS supplement its privilege log with further details supporting its claims of attorney-client privilege is **GRANTED**. NARS shall produce an amended

privilege log no later than **February 5, 2021.** CoreCare's request for attorneys' fees and expenses is **DENIED.** The Clerk is directed to return this case to the docket of the Honorable Robert Pitman.

SIGNED this 15th of January, 2021.

*[signature]*

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE